THE LAW FIRM OF JOSEPH H. LOW IV
Joseph H. Low IV (State Bar No. 194897)
joseph@jhllaw.com
100 Oceangate, 12th Floor
Long Beach, CA 90802
Telephone: (562) 901-0840
Facsimile: (562) 901-0841

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MONICA ANDREA NELSEN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and DOES 1 through 10, <br><br> Defendants. | CASE NO. 2:19-cv-02243 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br> 1. **NEGLIGENCE** <br> 2. **NEGLIGENT HIRING / TRAINING / RETENTION / SUPERVISION** <br><br> **REQUEST FOR JURY TRIAL** |

COMES NOW plaintiff, MONICA ANDREA NELSEN, individually, for causes of action against defendants, UNITED STATES OF AMERICA (hereafter "USA"), and DOES 1 through 10, inclusive, and each of them, complains and alleges as follows:

### JURISDICTION

1. This Court's jurisdiction over claims against defendant, USA and DOES 1 through 10, and each of them, arise under the Federal Question Statute, 28 U.S.C. § 1331 and the Federal Tort Claims Act.

///

## VENUE

2. Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1402, and 28 U.S.C. § 1346 in that this is the judicial district where the plaintiff resides and where the acts or omissions complained of occurred.

## PARTIES

3. At all times herein relevant, plaintiff, MONICA ANDREA NELSEN, was, and is, a resident of the County of Santa Barbara, State of California.

4. Pursuant to 28 U.S.C. § 2679, defendant, USA, is named in this action as defendant in place of the FEDERAL AVIATION ADMINISTRATION (hereafter "FAA"), and its employee, JOSE MANUEL LOPEZ GUDINO (hereafter "GUDINO"), upon which, pursuant to 28 C.F.R. § 14.1-14.11 and the Federal Tort Claims Act ("FTCA"), plaintiff timely served written claims for damages. Plaintiff served her written FTCA claim form on the FAA on September 26, 2018. Before filing and service of this complaint on defendant, USA, the written FTCA claims been denied and/or may be deemed to have been denied pursuant to 28 U.S.C. § 2675(a). Plaintiff now has standing to bring suit for monetary damages against defendant, USA.

## GENERAL ALLEGATIONS

5. The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants, DOES 1 through 10, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed that each of the defendants fictitiously named herein as a DOE is legally responsible, in negligence or in some other actionable manner, for the events and happenings referred to herein, and thereby proximately caused the injuries and damages to plaintiff as herein alleged. Plaintiff will ask leave of court to amend this complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges, that at all times mentioned herein, defendants, USA and DOES 1 through 10, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venture.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, including the time of the subject collision, GUDINO was an employee acting within the course and scope of his duties for his employer, FAA, and, as such, defendant, USA and DOES 1 through 10. Pursuant to 28 U.S.C. § 2679(d)(1), the USA is the only proper defendant in this action and stands in the shoes of FAA and GUDINO who was in the course and scope of his employment for all purposes of this matter.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, defendants USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, owned, leased, managed, maintained, repaired, entrusted, directed, authorized, monitored, supervised, used for company business, operated and controlled the 2010 White Jeep motor vehicle bearing California vehicle license number G611213K (hereafter "SUBJECT VEHICLE").

9. Plaintiff is informed and believes, and thereon alleges, that, at all times herein relevant, including the time of the subject collision, defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them authorized, directed, monitored, supervised, controlled and entrusted defendant GUDINO to drive and use the SUBJECT VEHICLE for any purposes that GUDINO saw fit, and specifically authorized, directed, monitored, supervised, controlled and entrusted the SUBJECT VEHICLE to

GUDINO, for him to drive and use at the time of the subject collision to carry out his duties of employment with FAA.

10. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, including the time of the subject collision, defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, entrusted and/or were operating the SUBJECT VEHICLE so GUDINO could perform the duties and/or activities of his employment with FAA which had authorized, permitted and/or required GUDINO to use the SUBJECT VEHICLE for the purposes that GUDINO saw fit during the course and scope of his employment with FAA. Specifically, at the time of the subject collision, GUDINO was using and/or driving the SUBJECT VEHICLE as part of his course, scope and authority of his employment and/or agency with FAA. In addition, at all times herein relevant, FAA obtained incidental benefits, material benefits, special benefits and any other form of benefits that can be obtained by authorizing, directing, and entrusting the SUBJECT VEHICLE that it owned, leased, managed, maintained, repaired, entrusted, directed, authorized, monitored, supervised and controlled to GUDINO for him to drive and use at the time of the subject incident.

11. Plaintiff is informed and believes, and thereon alleges, that on September 28, 2016, at approximately 10:25 a.m., defendants, USA and DOES 1 through 10, by and through the FAA and its employee, GUDINO, inclusive, and each of them, were negligently and recklessly operating the SUBJECT VEHICLE northbound on Gibraltar Road in the unincorporated area of Santa Barbara County, at or near East Camino Cielo, driving too fast at unsafe speeds and without paying attention to surrounding conditions, including other vehicles and bicyclists. At the same time, plaintiff, MONICA ANDREA NELSEN, was lawfully operating a carbon fiber bicycle owned by plaintiff, acting in a reasonable manner and with due care while proceeding southbound on Gibraltar Road in the unincorporated

area of Santa Barbara County, at or near East Camino Cielo. As plaintiff, MONICA ANDREA NELSEN was proceeding southbound on her bicycle along and upon Gibraltar Road, defendants, and each of them, negligently and recklessly operated the SUBJECT VEHICLE by failing to drive on the right side of the roadway , and for driving a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the roadway, and in no event at a speed which endangers the safety of persons or property, driving too fast at unsafe speeds and without paying attention to surrounding conditions including bicyclists traveling along and upon Gibraltar Road at or near East Camino Cielo.  As a legal and proximate result of these negligent and reckless actions and/or inactions of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, suddenly and without warning caused the SUBJECT VEHICLE to violently collided with plaintiff, MONICA ANDREA NELSEN, which legally and proximately caused her to suffer severe and permanent injuries (hereinafter "SUBJECT COLLISION").

## FIRST CAUSE OF ACTION

**(Negligence by Plaintiff as Against Defendants,**

**USA and DOES 1 through 10, inclusive)**

12.   Plaintiff realleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

13.   Plaintiff is informed and believes, and thereon alleges, that defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, owned, leased, managed, maintained, controlled, entrusted, and operated the SUBJECT VEHICLE.

14.   Plaintiff is informed and believes, and thereon alleges, that defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, owed a duty of care to all reasonably

foreseeable people, including plaintiff, MONICA ANDREA NELSEN, to own, lease, manage, maintain, control, entrust and operate the SUBJECT VEHICLE in a reasonable manner.

15.   Plaintiff is informed and believes, and thereon alleges, that defendants, USA and DOES 1 through 10, by and through the FAA and its employee, GUDINO, inclusive, and each of them, negligently and recklessly owned, leased, managed, maintained, entrusted, controlled, and operated the SUBJECT VEHICLE so as to legally and proximately cause a violent collision with plaintiff, MONICA ANDREA NELSEN, as she operated her bicycle, and legally and proximately caused severe and permanent injuries to plaintiff, MONICA ANDREA NELSEN.

16.   The aforementioned SUBJECT COLLISION that gave rise to this lawsuit occurred at approximately 10:25 a.m. on September 28, 2016, caused plaintiff MONICA ANDREA NELSEN to suffer numerous traumatic injuries.

17.   As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff sustained noneconomic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation and serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof.

18.   As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff was compelled to, and did, employ the services of hospitals, physicians, nurses, and the like, to care for and treat her, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof.

///

19.  As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff suffered lost earnings and loss of earning capacity, the exact amount of such losses to be stated according to proof.

20.  As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff suffered property damage to her bicycle, the exact amount of such damage and loss to be stated according to proof.

## SECOND CAUSE OF ACTION

**(Negligent Hiring / Retention / Supervision / Training by Plaintiff as Against Defendants USA and DOES 1 through 10, Inclusive)**

21.  Plaintiff realleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

22.  Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, defendants USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, GUDINO was acting within the course and scope of his duties for his employers or principles, the FAA.

23.  Plaintiff is informed and believes, and thereon alleges, defendants USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, were negligent and reckless with regard to the hiring and/or retention of GUDINO in that FAA knew or was negligent and reckless for not knowing that GUDINO was unfit for the specific tasks to be performed during the course of his employment, namely the general safe operation of the SUBJECT VEHICLE, or any motor vehicle, for purposes related to his employment with FAA.

///

24. Plaintiff is informed and believes, and thereon alleges, that USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, were negligent and reckless by failing to provide any or sufficient examination, testing, training or supervision to GUDINO when and after hiring him, and negligently and recklessly retained GUDINO as an employee and/or agent for job performance which included driving motor vehicles such as the SUBJECT VEHICLE for FAA for its profit.

25. Plaintiff is informed and believes, and thereon alleges, that USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, owed a duty of care to the public, including plaintiff MONICA ANDREA NELSEN, in the hiring, retention, training, and supervision of their agents, employees and/or servants, such as GUDINO, which it assigned to operate motor vehicles such as the SUBJECT VEHICLE for work purposes for its profit.

26. Plaintiff is informed and believes, and thereon alleges, that USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, failed to act reasonably, was negligent and reckless in the hiring, retention, training, and supervision of FAA's agents, employees and/or servants which FAA authorized, permitted and/or required to operate motor vehicles such as the SUBJECT VEHICLE, including GUDINO.

27. Plaintiff is informed and believes, and thereon alleges, that the aforementioned negligent and reckless hiring, retention, training, and supervision of defendants USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, directly, legally and proximately caused or contributed to causing the SUBJECT COLLISION thereby causing the severe and permanent injuries to plaintiff, MONICA ANDREA NELSEN complained of herein.

///

28. The aforementioned subject collision that gave rise to this lawsuit which occurred at approximately 10:25 a.m. on September 28, 0216, caused plaintiff, MONICA ANDREA NELSEN, to suffer various traumatic injuries.

29. As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employ GUDINO, inclusive, and each of them, as aforesaid, plaintiff sustained noneconomic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation and serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof.

30. As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff was compelled to, and did, employ the services of hospitals, physicians, nurses, and the like, to care for and treat her, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof.

31. As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff suffered lost earnings and loss of earning capacity, the exact amount of such losses to be stated according to proof.

32. As a legal, direct and proximate result of the conduct of defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, as aforesaid, plaintiff suffered property damage to her bicycle, the exact amount of such damage and loss to be stated according to proof.

///

## **PRAYER FOR DAMAGES**

WHEREFORE, plaintiff MONICA ANDREA NELSEN, prays judgment against defendants, USA and DOES 1 through 10, by and through the FAA and its employee GUDINO, inclusive, and each of them, for all the damages described herein which specifically includes the following:

1. For all general damages, also referred to as non-economic damages, past and future, in excess of the jurisdictional minimum for an unlimited civil case, the exact amount according to proof;

2. For all special damages, also referred to as economic damages, past and future, in excess of the jurisdictional minimum for an unlimited civil case, including medical care, wage loss and loss of earning capacity, and property damage, the exact amount according to proof;

3. For all costs of suit according to proof;

4. For pre-judgment interest, according to proof;

5. For post-judgment interest, according to proof;

6. For such other and further relief allowable under the law and as the Court may deem just and proper, according to proof.

DATED: March 25, 2019

THE LAW FIRM OF JOSEPH H. LOW IV

By: _____
Joseph H. Low IV
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff MONICA ANDREA NELSEN hereby demands trial by jury as to all causes of action.

DATED: March 25, 2019

THE LAW FIRM OF JOSEPH H. LOW IV

By: _____
Joseph H. Low IV
Attorney for Plaintiff